the first case in our docket this morning is number agenda number eight number one two nine one five five Henry Marriage and Massoud and I'm I have a name that nobody can pronounce so I'm always very careful with people's names so if I mispronounced I'm sorry. Arjmand and Muniz are in this case the the arguing Mr. Sims for the appellees the two lawyers will be split in their time ten minutes for each. Counsel for the appellant you may proceed. Thank you. Please support my name is Brian Sims I'm counsel for plaintiff petitioner Massoud Arjmand. This case comes before the court on a jurisdictional question whether a reviewing court has jurisdiction to review the denial of a motion or a petition for substitution of judge during the course of an interlocutory appeal in which that was an underlying decision in that prior cases have answered that jurisdictional question saying no. The first and fourth districts now currently say yes that the courts have jurisdiction to review that and the fifth district while seemingly not addressing it specifically have considered such a motion without addressing the jurisdictional issue so at least by implication they believe the jurisdiction they appear to believe the jurisdiction is proper plaintiff's position is that this court's holding particularly in Burtell and Henry the marriage of O'Brien compel a conclusion that the denial of a motion or a petition for substitution of judge that is in the procedural progression of the is subject to review and then a reviewing court has jurisdiction to consider those denials. In this case there are three motions that plaintiff sought to have reviewed in the second district that the second district concluded there was no jurisdiction for. The first was a petition for substitution of judge as a matter of right and the third was a motion to recuse and respondents brief at least for Ms. Archman they've at least made the argument that there is a difference between motion for substitution of judge as a matter of right motion to motion petition for substitution of judge for cause. I in my review don't find any significant difference to treat any of these motions differently at least not substantively so I will treat these and mainly just be referring to the petition for substitution of judge for cause simply because of that. With respect to the jurisdictional question as I said the first is Burttel versus First Charter and this is a decision in which the appellant sought review of an order that was not specifically included in his notice of appeal. This court in reviewing whether jurisdiction was appropriate pointed out that one of the fundamental principles of appellate review is that the notice of appeal has to be liberally construed and in reviewing the facts this court concluded that an order that was in the procedural progression leading to the judgment that is appealed is an appeal that is subject to review by the appellate court and by a reviewing court. Counsel when we talk about appeal does that mean that it came before it was something that was decided prior to the decision that's being appealed or does it mean more than that? So I would say that it means more than it just happened earlier. There does not appear to be a specific definition that I found in the cases that says this is the test to determining procedural progression however it appears to be in the cases that it's something substantive in relating to the order that's being appealed. And so is that satisfied here? I believe it is your honor. So in this case the petition for substitution of judge was filed within a month of the filing of this complaint against the defendants in this action. As the court is aware the underlying action is a dissolution proceeding. The action that's relevant to this appeal is a separate action against Morgan Stanley and his related entities and respondents counsel. The complaint with respect to that was filed shortly thereafter Mr. Archibald filed his petition for substitution of judge related to that and he also filed a motion for substitution of judge as a matter of right. And without question that motion was filed on the basis that this case, the one against Morgan Stanley at all, was a matter of right. The judge who had the matter had never ruled on any issue in that case. So there's no question that's related specifically to this and we believe that the facts show also that the petition for substitution of judge for cause is related and in the procedural progression of this case as well. After Bertel and this court concluding that orders that are in the procedural progression are appealable, this court subsequently decided in Ray the marriage of O'Brien. O'Brien itself involved a petition for substitution of judge for cause. After the judgment was entered the appellant sought review of the denial of that petition and this court concluded that that order, the substitution of judge petition was in the procedural progression of the final judgment that was entered in that case. And I would submit that that holding is controlling here. Could we kind of roll back here? So let's kind of think through what happened here. Certainly. There was a complaint that was filed. There was a motion to dismiss the complaint under 2619. The arguments were about statute of limitation, res judicata, etc. And then during the pendency, the hearings on that motion, there were substitution of judge motions filed and the trial court denied those. And then the court went ahead and dismissed the complaint based on res judicata and I think that's only what I'm not sure about statute of limitations. But in any case, and then there was a 304A of finance to that and therefore that decision was appealable. Okay. Now, again, the question was, and I think the question is kind of here, is how closely related are these two ideas? The action of the court to dismiss the complaint, the final 304A, and now that issue is before the appellate court, the dismissal of the complaint. Now, the question has been asked and I'll ask it again. How is the motion for substitution of judges in any way related to the issue of the motion to dismiss the complaint? So I would say that no motion or petition for substitution of judge is ever directly related to an ultimate decision in any matter on the merits. The question is, is it related to the proceedings that are before the court in considering the motion? I believe if we look at that fourth district case, Berlin, the court recognized that before we decide whether the trial court error, we need to figure out if the trial court, if that judge is the person who's supposed to be deciding this question or not. Because the answer to that is no, and that substitution of judge, motion or petition, was denied incorrectly. Then everything that happens after that is void. The judge doesn't have any authority to enter any other orders. So that in the same practical considerations governed here, in that when you have the petition for substitution of judge, even though in this case, ultimately, the appellate court agreed with us that the trial court erred in dismissing the complaint on the basis of rescue of the cause, we still have the outstanding issue of whether this judge should be the judge who considers the matter upon return. And I believe that is related to that dismissal. And specifically, if the appellate court had agreed with Applebee's below, then my client's remedy with respect to these motions is gone. Because that, although it's a 304 appeal, that was a final judgment in this case against these defendants. And had we lost at the appellate court on that issue, that those petition and motions for substitution of judge as a matter for cause and as a matter of right would never be appealable. Ever. If the court doesn't have jurisdiction to review it in this 304A proceeding. I mean, there's a lot of talk about how this is an interlocutory appeal. And I understand there has not been a decision with respect to everything below. Proceedings are still occurring with respect to the dissolution proceeding. But with respect to this proceeding, this is the only appeal that is available to my client is in this. Had he lost below. Fortunately, in this case, we were successful below. But I don't believe that changes the jurisdictional analysis as to the fact that this is the appeal. And there is jurisdiction to review those matters that are going to be affecting the case when it gets remanded back to the trial court. Which is what is happening in this case. And we need a determination as to whether that petition for substitution of judge or the motion for substitution of judge should have been granted by the trial court. I think one of the things, if we look at the second district opinion, the Nelton case, which is sort of their seminal opinion on this issue. They are very specific about concluding that they have jurisdiction. And that one was a 304B appeal involving a finding of indirect act contempt of court. And what they concluded in that case is that they had jurisdiction to consider only the indirect finding of contempt of court. They construed the notice of appeal and their jurisdiction very narrowly. I believe approaching it from that perspective is contrary to this court's holding in Vertel. Which says, no, when we look at notices of appeal, we have to look at them liberally. With an eye toward granting jurisdiction, not limiting or narrowing it. So I think that's where the second district veered from this court's direction as given in Vertel. Obviously, that decision, that Nelton decision, preceded this court's opinion in O'Brien. So when they made that decision, they did not have the additional guidance from this court with respect to O'Brien. But I think if we look at the guidance given in Vertel and the further expansion of that in O'Brien. Where O'Brien has specifically said that the petition for substitution of judge is an order in the procedural progression of the final order in that case. I submit that this case is not substantively different from that. In that we had a final decision in this case at the trial court level. It was a dismissal with prejudice with respect to these defendants. May I ask another procedural question? I'm not sure I got this down right. So this begins as a dissolution case. That's correct. And then within that context, there's an amended complaint that's filed beyond the issues of the dissolution. And the allegations then are against Morgan Stanley, Smith Barney. But within the context of the dissolution case, is that right? Yes and no. So it was filed in the dissolution proceeding. And it was filed there because the claim against Morgan Stanley et al. was originally filed as a separate complaint. That complaint ended up in front of Vets Souter in DuPage County. After hearing that defendants filed a motion to dismiss. After hearing the motions to dismiss, Judge Souter concluded that filing a separate complaint with respect to these issues was an impermissible collateral attack on Judge McJoint, who's the judge presiding over the dissolution proceeding, over his jurisdiction. Sir, Judge? In the dissolution case, it's been going on for a long time, we know that. The one trial judge made certain rulings. And then you filed a separate cause of action on a different number, maybe an L number or something. And the judge in that case made some kind of ruling saying, dismissed it as not stated cause of action. Because in fact, it had some kind of conflict with rulings that were made in the dissolution case. Is that what's happening? I would say Judge Souter dismissed the complaint against Morgan Stanley as, in his terms, an impermissible collateral attack on the jurisdiction of Judge McJoint in the dissolution proceeding. And that's because this was all about this account that he didn't have access to and whether or not Morgan Stanley was appropriate in not allowing him to access the account. That is correct. Which is part of the divorce. That arose from the dissolution, that is correct. So, based on that ruling, the only place Mr. Archmont had filed his complaint against Morgan Stanley at all is in the dissolution proceeding. So as a result, he then filed the complaint against Morgan Stanley, everybody else, in the dissolution proceeding. Because that's what the order from Judge Souter compelled him to do if he wanted to pursue the claim. So, you're seeking substitution as of right? But it sounds like a lot had happened in the dissolution proceeding by the time you brought that motion for substitution of Judge as of right. So, certainly, Judge McJoint had made many substantive rulings before then in the dissolution proceeding. Our argument, and in my searching I found no case law that addresses this one way or the other. My argument is that this case against Morgan Stanley and the other defendants, that's a brand new proceeding that we attempted to file in another courtroom, but Judge Souter dismissed it because of that. But that is a new proceeding. So that's the proceeding from which you wanted the first judge to recuse himself? Yes. It seems like the two things are inextricably bound. How do you parse that out? Obviously, Judge Souter believed that they were inextricably combined. I'm not convinced of that. If you look at the separate proceedings, how the marital estate is to be divided is a separate question as to whether my client had to play against... Counsel, that's all part of the dissolution proceeding, isn't it? I mean, the division of the marital estate is not a part of the dissolution proceeding in your mind? No, no. That's what the dissolution proceeding is considering, the division of the marital assets and the marital estate. With respect to this proceeding, this is a separate cause of action against Morgan Stanley for their conduct vis-a-vis my client, which, although arising from the dissolution proceeding, is not, in my opinion, completely intertwined with it. Madam Chief Justice, may I have one follow-up question? Yes. So you are asking for the judge in the dissolution proceeding to recuse from just the Morgan Stanley issue but not the dissolution proceeding? I don't understand that. So I would have two answers to that. The first is the petition for substitution of judge was filed specifically with respect to this proceeding against Morgan Stanley. So that's the relief that we're seeking. I would also submit that if that motion is granted, if that petition is granted, then I believe that would necessarily compel the substitution of the judge in the dissolution proceeding simply because of the findings with respect to that. But our position and our appeal is related to the claim against Morgan Stanley. Thank you. Thank you. Thank you very much. Counsel for the appellee, as you've decided, just split your time. Good morning. My name is Tony Simarco, S-A-M-M-A-R-C-O. I represent Muneeza Rahman in the dissolution of marriage proceedings pending in DuPage County. And I represent my law firm, the Sandstill Law Firm, in the third-party complaint. I think the decision from the second district really didn't get into whether or not Mr. Harshman had done what was necessary to appropriately invoke appellate jurisdiction. What they said was basically, well, the Supreme Court didn't really give us enough guidance. We don't know whether or not we can address the issue of the substitution of judge. And whether or not that order was attendant to an interlocutory order. So I would like to provide some analysis on whether or not Mr. Harshman did what was necessary to invoke appellate jurisdiction in the first place. There's a fatal flaw in his notice of appeal, in that the notice of appeal does not contain a reference to the June 2020 order, which denied his motion for substitution. And it also denied his petition for substitution. All that is in the motion, the notice of appeal, is he cites the April 2021 order, which is the interlocutory order. Which is the ruling on the 2619 motion to dismiss the third-party complaint. And then he references all of the other orders in the natural progression of that ruling. By his own case, Mr. Sims, my colleague, relies on Henry the marriage of O'Brien. But remember, Mr. O'Brien didn't get to appeal until his dissolution of marriage case was over and there was a final judgment for dissolution entered. Here we are. The dissolution case started in 2019. There was a motion to vacate sustained in 2011. And since then, we've been trying to get to the end point. There have been quite a number of appeals. I think this would be the ninth one, which had forestalled the prosecution of the divorce case. The second thing I think is very important in reference to whether or not appellate jurisdiction was appropriately involved is that there is obviously no final judgment for dissolution of marriage. The terminology one inserts into the notice of appeal and all the orders and logical progression only relate and are only pertinent when there is in fact a final judgment entered. There being no final judgment, Mr. Sims and Mr. Argemont had to include in their notice of appeal the date of the entry of the order and to relatively describe that order denying their motion for substitution. Thirdly, an order is not always in the logical progression just because it preceded a final or appealable order. I don't see that there is a real nexus or any relation whatsoever between the dismissal of the third party complaint and the denial of the motions for substitution or petition for substitution. Counsel, what about the argument that if the wrong judge was deciding, then the order is void? Is that a nexus? I don't think that's a substantive nexus, Your Honor. What it really is is a statement of how dire the circumstances would be if the substitution of judge motion was entered erroneously. It could lead to a redo of everything that's been done. But there's nothing in the brief filed by the appellant which focuses on why or what is the causal nexus between the alleged prejudice of Judge McJoint and the granting of the dismissal order under 2619. If I'm understanding your question, I don't know that I did. The trial court did not give 304A language from Judge Kleeman's order denying the motion for substitution. It doesn't get to the court by way of 304A. It doesn't get before the court under 307 because it's really not an injunction. It really can't get before the court under that notice of appeal because it's defective. What Mr. Archman really has to do is to wait until the divorce proceedings are concluded, take the entire case up to the appellant court. He can appeal all of the issues. He can appeal the ruling on the substitution motion, on the substitution petition, on the division of property, on the award of attorney's fees, whatever it is he'd like to appeal. But it shouldn't be done in a piecemeal way where he's asking the court literally to bend the rules or to make a new rule that permits his appeal. So, counsel, if on appeal, after everything is decided, the appellant court decides that the motion for substitution of Judge should have been granted, what happens to all the rulings that were made? They would be void. So then you'd have to do the whole thing all over again. It would be a redo. So is there any argument for judicial economy or anything? I mean, that seems like an awful lot of work to have to do the whole thing all over for a case that you yourself said has been pending for I don't know how many years. I'm sure you would agree with me that motions for substitution usually come very early in a case. We want just a substitute for, you know, get your first bite of the apple. No prejudice, just want a motion for substitution. Both attorneys kind of understand that. The court understands that. The issue of whether or not there's been a substantial ruling in the case is pretty easy to determine. The likelihood of an erroneous ruling on a motion for substitution of Judge is very small. However, you know, the likelihood of maybe getting a ruling on a petition for substitution of Judge, that's really significant. That's a real, real, that has a real drastic effect on the litigants of the case. And it would really especially have a drastic effect when this litigation started in 2009. But we have a safeguard imposed because we have a judge who hasn't been associated with the case. It's transferred to an impartial judge who's going to make that ruling on the petition for substitution. And that's the safeguard. That's the best we can do right now. But I don't think that providing a mechanism for an interlocutory appeal on a petition or a motion for substitution of Judge does the litigants a service. I think it does the litigants a disservice. Because one party is always going to be in a situation where after 18 years, I would really like to be divorced from this gentleman. Other party is in a situation where, well, you know, I'm really interested more in my day in court and calling attention to the court's discretion, which I didn't agree with, than I am in getting this case concluded. And I don't think that the appellate court would, or the Supreme Court working for us today, would agree that that is a valid public policy. If, in fact, there should be a change to the rule or these types of orders should become a part of what is appealable under Rule 307, I think that's best left to the Rules Committee to carve out a rule or a rule change. I don't think it should be made by the virtue of this matter coming before the court. There is no tie or connection between the rulings on the request for substitution and the dismissal of the third-party claim. These are different issues. The court asked my colleague how this third-party complaint got put into the dissolution of marriage action. And that's a simple answer. That's where Mr. Archibald chose to file it. He used the same case number that the divorce case had. He went down to the main floor, he filed his third-party complaint, and all of a sudden it's in the dissolution of marriage line. But what were the lawyers to do? We were to address that by way of motion, dismiss it, do whatever we could do to dismiss it, to attack it, to proceed with the dissolution of marriage proceedings. I think what could have been a more practical method for Mr. Archibald would be to take that third-party complaint and maybe file it in the law division, and there he would have gotten his new judge, and there he may have well even gotten a jury. But he didn't choose to do that. That's a big curiosity for me. Why? Why does that third-party complaint get filed in the dissolution of marriage proceedings? I think the question, I think the answer to that question is very obvious, because it serves as a pretext to get to this court to further delay the proceedings in the dissolution of marriage. Counsel, your time is coming to an end. Thank you very much. May it please the Court, Counsel. I'm Robert Rodasa, and along with my colleague, Andrew Hamilton, we represent the Morgan Stanley defendants in this case. Mr. Archibald filed the complaint. It's essentially a third-party complaint against Morgan Stanley and his wife's lawyers, seeking recovery because they had followed the orders that had been entered by Judge McJoint. The notion that that would then trigger the right to get a substitution as a right would mean that any plaintiff in any case, or any defendant in any case, who filed a third-party action and brought in additional parties and asserted new claims against those additional parties would give the ability to file a substitution as a right. That's wrong. That's not what the statute provides. You can't do it. The notion that the motion for substitution for cause was in the procedural progression of the third-party complaint filed against Morgan Stanley and opposing counsel is erroneous. It had nothing to do with the claims asserted in that complaint. If that were true, if it were filed in procedural progression, what about his first motion for substitution for cause, filed in 2014? What about the amendment to that one? What about his second motion for substitution for cause, filed later in 2014, all of which were denied? Are those also in the procedural progression because they happen to do, happen to involve things happening before Judge McJoint in the divorce case? No. When are those orders appealable? When the divorce case is done. That's because that's the way this Court's rules work. The academy matrimonial lawyers in their amicus position say, you know, a lot of stuff going on in divorce cases. We've got custody rulings. We've got support allegations. If we've got to wait until the end of the day, this is a nightmare. We shouldn't. The Court should amend the rules to provide for the immediate appeal. I don't think that's a bad idea. I think it should, from my perspective, given the turmoil that those, the reversal of those orders would cause, it should be amended. Rule 3, the Court should consider amending Rule 3007 and amending the subsection dealing with TROs to have a deal with TROs and substitution of recusal orders. So that there's an expedited appeal to the appellate court and things just don't stand still in the underlying court until those are done. But as counsel indicated, though the Court has the ability to use this case as a vehicle to do that, Rule 3 has a mechanism which provides public comment. Other stakeholders can come in, give their opinions about how this works. What about parties who find themselves involved and habitual in the same types of litigation and always in the same law division cases? Should they be, should their opinions be heard on this? That's why we have Rule 3. From our position, it makes a lot of sense to do that. This case should not be used as a vehicle to change the rule. If it is used as a vehicle to change the rule, then clearly there's no basis for a substitution for cause. All he did was complain about rulings by Judge McJoint that have been going on for a decade. So different than his first two. And it's no business to get substitution as a right because it was filed seven months after he filed his complaint, a complaint which is a third-party complaint. And interestingly, under his argument, the substitution motion was in the procedural progression of the third-party complaint against Morgan Stanley. Well, then if that's the case, that substitution for cause motion is based upon a host of substantive rulings that have been made by Judge McJoint. In fact, Morgan Stanley had been involved in that divorce proceeding since 2015 when we filed a petition to intervene so that we could get some clarity on what our rights were. Judge McJoint ordered us to liquidate funds held in the account, liquidate some of the shares reflected there, to pay an attorney's fee award to the Stocksdale firm. He ordered us to liquidate funds in that account to pay a seven-plus-million-dollar judgment that had been entered against Mr. Archman by one of his clients. Mr. Archman then filed a motion seeking to have Morgan Stanley put Humpty Dumpty back together again by refunding the accounts, the money that had been taken out. That was denied. So we've been around this for a long time. So the court were going to use this case as a vehicle to change the rule, which it certainly can. The substantive rulings denying the motion for substitution for cause was not an abuse of discretion, and the ruling denying was not against the manifest weight of the evidence, and the ruling denying extension was not an abuse of discretion. Does the court have any further questions? No. Thank you very much. Thank you. Counsel, in reply, may I just kind of set up the stage again where we are? Absolutely. So this case was filed in 2009, and apparently Judge McJoint has been involved at least since 13, maybe before that. I don't know. But he certainly entered an order that starts all of this in 13, and the case continues to be pending in front of him, right? That's correct. All these years. Okay. And he's made many, many, many, many decisions all the way along, and you have made a number of motions to substitute judge. And then we come here, and suddenly now we have to figure out what is the basis of your motion for substitution of judge that you want to bring before the court now? What is the basis of that, given the history of this case? So the petition for substitution of judge for cause is not, as counsel indicated, just a complaint that Judge McJoint has ruled against my client. It is much more than that. And if you review the petition, a couple of things come to the surface. One is the fact that after this happened where Mr. Estes sent the letter to Morgan Stanley and said freeze this account, Mr. Argimon, who was proceeding per se at the time, filed multiple, at least five, as I point out in my brief, five requests for the court to hear his motion asking that that account be unfrozen, and pointing out why the order that had initially frozen that account went away once, because it was entered as a stay during an appeal. Once the mandate from that appeal came back, that stay, because this was entered with respect to, went away. So my client filed a motion asking the judge to rule in this question that that order was no longer in effect, that stay order was no longer in effect, and requested at least five separate occasions for Judge McJoint to hear that motion and rule on it. And in fact, Morgan Stanley came in, as counsel indicated, and said hey, let us intervene. We want to talk about this. And the judge not only refused to grant my client's motion to have a hearing, it's not that he ruled against him. He refused to have the hearing. Judge McJoint did that. He also refused to have a hearing on Morgan Stanley's issue saying hey, should we be in this case or not? And in fact, the judge did not hold such a hearing until after, one, he had already ordered a portion of the funds liquidated to pay a stock sale law firm for interim fees, and two, to satisfy a judgment in another case that occurred because my client could not access his funds to pay unpaid property taxes. So after that, more than $7 million in assets was liquidated to satisfy that judgment, and funds liquidated to pay Ms. Rollins' attorney's fees, then the judge held a hearing on that and says oh, these Accenture funds are non-marital. They're your funds individually, and the state only applied to the parties, not to anybody else. Unfortunately, Judge McJoint did that after all the funds in that account were liquidated. So my question is what is the basis for your motion for cause? And basically, you're telling us that you disagree with the orders of the court over this 10-, 12-year period. Is that right? It's not that there's a disagreement with the order. It's a refusal of the court to hear my client's motion to have a hearing to review the orders of the court. It's not, Judge, you decided this question wrong. But maybe the discretion of the court as to how to manage this case? What is the basis for cause? It sounds like that you don't like how the judge handled the case. Is that correct, after he's been involved for 10 or 12 years? So one aspect is his refusal to hear those, to set a hearing to hear those. Additionally, in his petition, Mr. Archman set out facts where he established that he believed that Judge McJoint was engaged in extrajudicial communications with other people in the courthouse about the case. He also set out facts establishing observations from other attorneys practicing in the courtroom, including Mr. DiTomase, that they observed, what they observed, indicated an animosity or bias or prejudice against Mr. Archman. Again, so what is the basis of your motion for cause? The judge ruled continuously, both substantively and discretionarily, against your client, and you're accusing of some kind of animosity toward the client. Is that the core of the motion for cause that we're talking about here? That is the core. I believe it falls within the parameters. When this court talked about O'Brien, especially when it cited the Supreme Court case Licktee, United States Supreme Court's Licktee, that we can look at these factors, the animosity and bias against the movement by the judge. And it would have been wonderful to have more information to provide you with this, but Judge Kleeman, when he conducted his hearing, refused to hear any evidence with respect to this. He simply denied my client's petition on the briefs without hearing evidence, despite the fact that Judge McJoint, after reviewing the petition, specifically found that if the statements in the petition were true, that would be a basis for substitution for cause. So the motion that we're talking about now, is that the one that was referred to another judge to review? It was. It was referred to Judge Kleeman. Okay. Because there have been a number of motions for cause. I understand that. But the specific one we're looking at was a second judge looked at it and also denied it, correct? So what happened is Judge McJoint looked at it and said, if what is in here is true, then there's a basis for a substitution of cause. And because of that, he sent it to Judge Kleeman through the presiding judges, of course, but it went to Judge Kleeman and the law division to hear. Judge Kleeman, ignoring what Judge McJoint had already found, decided not to hear evidence on any of the questions and instead said, I'm denying your petition on the briefs without hearing anything further with respect to it. Anything else? So I just have one thing I definitely want to point out with respect to the procedural progression. Both defendants argued that this isn't in the procedural progression, but I would point out that in Maureen Stanley's brief, they specifically point out that Mr. Archimon filed his complaint against Maureen Stanley December 23rd, and then on December 27th, quoting from the brief, within days of filing the complaint against Maureen Stanley, he filed, Mr. Archimon filed his third petition for substitution of judge. If that's not related to the complaint that we're talking about here, I don't know better evidence than the timing right there that even Maureen Stanley recognizes. But counsel, don't we know it's not necessarily about the timing? It's not exclusively about the timing, but the timing is significant that it is right there, the filing of the petition for substitution. See if my time's up. Thank you. Thank you very much, counsel, all the lawyers who've argued here today. This case, agenda number eight, number 129155, in the marriage of Archimon and also Maureen Stanley Smith and Barney, number 129155, will be taken under advisement.